Terrell McGINNIS, Plaintiff–Appellee,

v.

INGRAM EQUIPMENT COMPANY,
INC., Defendant–Appellant.

No. 88–7596.

United States Court of Appeals,
Eleventh Circuit.

Nov. 14, 1989.

A. Eric Johnston, Birmingham, Ala., for defendant-appellant.

J. Richet Pearson and Robert L. Wiggins, Jr., Gordon, Silberman, Wiggins & Childs, Birmingham, Ala., for plaintiff-appellee.

Before COX, Circuit Judge, and HILL * and SNEED **, Senior Circuit Judges.

PER CURIAM:

The appellee, Terrell McGinnis, filed this action in United States District Court for the Northern District of Alabama pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq.* (West 1981), as well as the Civil Rights Act of 1866, 42 U.S.C.A. § 1981 (West 1981). McGinnis, a black man, alleged that the appellant, Ingram Equipment Company ("the company"), had discriminated against him on the basis of his race with respect to "promotions, discipline, job assignments, requirements and conditions of work, and terms, conditions and privileges of employment." Amended Complaint at 2.

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Joseph T. Sneed, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

After a bench trial, the district court entered a judgment in favor of McGinnis. 685 F.Supp. 224. The district court concluded that it lacked jurisdiction over appellee's Title VII claim because the company never employed at least fifteen workers on each working day in any relevant twenty-week period. *See* § 2000e(b) (fifteen employees required for employer to be subject to Title VII claim). Instead, the court based the company's liability on section 1981. The district court found that McGinnis, the only black man working in an otherwise all-white company, suffered from various indignities, racial slurs, humiliations and physical abuse because of his race. For instance, the district court found that during a lunch, H.D. Ingram, Jr. ("Ingram"), the company's owner and manager, placed McGinnis' sandwich on the floor of a restaurant and said, "Here you go, my nigger." Moreover, on at least two occasions, the district court found that Ingram kicked McGinnis for alleged work-related errors.

In addition, the court found that, at various times, H.D. Ingram failed to promote, or demoted, McGinnis on the basis of race. For example, the court found that in 1982, Ingram offered the job of shop foreman to the appellee. McGinnis held that job only briefly, however, because Ingram found a white man to replace the appellee. The new employee had no experience, necessitating that McGinnis train him. Ingram explained the replacement of McGinnis with a white employee by saying that it was unseemly for the company to have a black foreman. McGinnis testified at trial that he subsequently reapplied for the position of foreman but was rejected. On another occasion, when the company purchased a new welding machine, Ingram refused to allow McGinnis to receive instruction from the manufacturer's representative, even though McGinnis had prior experience as a welder. Instead, Ingram handed the appellee a broom and stated that McGinnis' responsibility extended only to

keeping the dust off of the machine. McGinnis never achieved the position of shop welder thereafter. McGinnis also testified that, although having trained to be a mechanic and a painter, he was never promoted to those positions either.

The district court awarded damages to McGinnis in the amount of $80,840.53, constituting back pay which McGinnis would have earned as a shop foreman between 1982 and 1988 had he not been demoted in favor of a white employee. Also, the court concluded that while McGinnis was entitled to reinstatement at the company, such an occurrence would be pointless in view of Ingram's racial animus. In lieu of reinstatement, the court awarded McGinnis an additional three years of back pay amounting to $75,323.88.

While this appeal was pending, the Supreme Court announced its decision in *Patterson v. McLean Credit Union*, —— U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). There, the plaintiff alleged, *inter alia,* that her employer harassed her, failed to promote her, and then discharged her, all because of race and in violation of section 1981. *Id.* 109 S.Ct. at 2369. In analyzing section 1981, the Court determined that it forbids discrimination in the making and enforcement of contracts. The first of these protections forbids the refusal to enter into a contract with someone because of his or her race, as well as the offer to make a contract only on discriminatory terms. *Id.* at 2372. This protection does not reach problems that may arise later from the conditions of continuing employment, however. "[T]he right to make contracts does not extend, as a matter of either logic or semantics, to conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions." *Id.* at 2373. Thus, the Court found that the plaintiff's racial harassment claim was not actionable under 1981. *Id.*[1]

---

**1.** The second protection forbids conduct by an employer which impairs the employee's ability to enforce through the legal process his or her established contract rights. *Patterson,* 109 S.Ct.

at 2373. There being no allegations or evidence of such conduct by the company or H.D. Ingram, we need not discuss the Court's reasoning

The *Patterson* Court did find, nevertheless, that an employer's failure to promote an employee on the basis of race might state a claim under section 1981. *Id.* at 2377. The Court reasoned that the failure to promote may, in certain circumstances, be akin to the refusal to enter into a new contract for discriminatory reasons. According to the Court, "the question whether a promotion claim is actionable under § 1981 depends upon whether the nature of the change in position was such that it involved the opportunity to enter into a new contract with the employer." *Id.* The Court then elaborated on the quantum of proof necessary to establish a viable claim: "Only where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer is such a claim actionable under § 1981." *Id.*

█ In light of *Patterson*, we requested that the parties file supplemental briefs. McGinnis argues that Ingram has waived any defense based on *Patterson* by failing to preserve it for appeal. We disagree. *Patterson* has restricted federal jurisdiction over section 1981 claims involving racial harassment. It is appropriate that we consider its impact on the instant case since it goes to the heart of our power to decide the claims. In so doing, we conclude that this case should be remanded to the district court for further proceedings consistent with *Patterson*.

█ The district judge's opinion evidences that he considered the racial harassment of McGinnis, the discriminatory work conditions, and the failure to promote the appellee as findings supporting section 1981 liability. Because claims of harassment and discriminatory work conditions are no longer actionable under section 1981, the district court should have the opportunity to reconsider its judgment and award of damages. We are unwilling to separate those findings which may give rise to liability from those that do not without benefit of the district court's further analysis pursuant to *Patterson*. Similarly, while at least a portion of the damages under the "enforcement" prong of section 1981

concerning wages which McGinnis might have earned as a foreman might constitute compensation for the failure to promote, we are unwilling to so rule until the district court can review the evidence, and take further evidence if need be, to determine whether any of McGinnis' promotion claims meet the test announced in *Patterson*. In particular, the district judge should determine whether any promotion opportunity "rises to the level of an opportunity for a new and distinct relation between the employee and the employer...." *Patterson*, 109 S.Ct. at 2377. If so, then McGinnis may well have had the opportunity to enter into a new contract with the company and its refusal to promote McGinnis on the basis of race would constitute a viable section 1981 claim.

Nothing in this opinion indicates our view of the merits of this case, however. To the contrary, we do not reach any of the issues raised in the parties' initial briefs, and we express no judgment on whether McGinnis has retained any viable section 1981 claims. However, to the extent that the district court based liability on racial harassment and abuse occurring *after* McGinnis entered into a contractual relationship with the company, the district court's judgment is in conflict with *Patterson*.

For the foregoing reasons, the judgment of the district court is VACATED and this case is REMANDED for further proceedings consistent with this opinion.

COX, Circuit Judge, dissenting:

I respectfully disagree with the majority's conclusion that *Patterson* requires that this case be remanded to the district court.

The issues presented on this appeal by appellant's initial brief did not include any issue relative to the scope of 42 U.S.C. § 1981. Essentially, appellant argued that the appellee did not carry his burden of proving intentional discrimination and therefore that the trial judge's findings of fact were clearly erroneous under Fed.R. Civ.P. 52(a). Additionally, appellant argued that the appellee did not carry his burden of proving intentional discrimination and therefore that the trial judge's findings of fact were clearly erroneous under Fed.R. Civ.P. 52(a). Additionally, appellant ar-

further.

gued that the trial judge erred in several respects in his handling of procedural and evidentiary issues. Appellant did not argue that section 1981 does not proscribe the kinds of discrimination at issue in this case.

At oral argument the court requested supplemental briefs addressing the impact of the Supreme Court's decision in *Patterson v. McLean Credit Union*, — U.S. —, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), which was decided after the initial briefing in this case. Appellant argues in its supplemental brief that its answer in the trial court asserted lack of subject matter jurisdiction as an affirmative defense, and therefore that it preserved the issues dealt with in *Patterson* for appellate review. Appellee argues in its supplemental brief, among other things, that *Patterson* did not involve questions of jurisdiction, and that appellant has waived any issue relative to the scope of section 1981 by failure to preserve the issue in the trial court and failure to raise the issue on appeal.

I agree with the appellee. *Patterson* did not involve any jurisdictional issues, and it did not restrict federal jurisdiction over section 1981 claims. Section 1981 is not a jurisdictional statute; it makes certain conduct actionable, and 28 U.S.C. §§ 1331 and 1343 give the district courts jurisdiction to entertain such actions. Federal courts have jurisdiction to decide what conduct is proscribed by section 1981.

While any "defense" in this case based upon *Patterson* is in my view a Fed.R. Civ.P. 12(b)(6) defense of failure to state a claim, and not, as appellant contends, a Fed.R.Civ.P. 12(b)(1) defense of lack of subject matter jurisdiction, whether appellant preserved the issue in the trial court for review on appeal is beside the point. The point is that appellant raised no such issue on appeal. Any "defense" based upon *Patterson*, therefore, was effectively waived. *See FSLIC v. Haralson*, 813 F.2d 370 n. 3 (11th Cir.1987) (stating that "issues that clearly are not designated in the appellant's brief normally are deemed abandoned.");

*Rogero v. Noone*, 704 F.2d 518, 520 n. 1 (11th Cir.1983).

The Supreme Court itself has acknowledged the necessity of preserving in the trial court and properly raising on appeal any contention that discrimination of certain kinds is not actionable under section 1981. In *Patterson* the Court refused to consider the argument that Patterson's promotion claim was not actionable "because respondent has not argued at any stage that petitioner's promotion claim is not cognizable under Section 1981...." *Patterson*, 109 S.Ct. at 2377. Several days after *Patterson* was decided, the Supreme Court again addressed the necessity of preserving any contention that particular conduct is not actionable under section 1981. In *Jett v. Dallas Independent School Dist.*, — U.S. —, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989), the plaintiff was allowed to challenge his discharge as a coach (and/or his reassignment to teaching duties only) under section 1981 because the defendant had "at no stage in the proceedings ... raised the contention that the substantive scope of the 'right ... to make ... contracts' protected by Section 1981 does not reach the injury suffered by petitioner here." *Id.* 109 S.Ct. at 2709.

We should decide the issues presented on *this* appeal—not the issues presented by the parties in *Patterson*.