Mildred THOMPKINS, Plaintiff,

v.

DEKALB COUNTY HOSPITAL AUTHORITY d/b/a Dekalb General Hospital, Defendant.

Civ. A. No. 1:87–cv–303–RLV.

United States District Court, N.D. Georgia, Atlanta Division.

Feb. 7, 1990.

William R. King, Lipshutz, Greenblatt & King, Atlanta, Ga., for plaintiff.

**1134**

Martha C. Perrin, Ogletree, Deakins, Nash, Smoak & Stewart, Atlanta, Ga., for defendant.

### ORDER

VINING, District Judge.

By order dated April 17, 1989, this court granted the plaintiff's motion to vacate the judgment that had been entered dismissing both her Title VII and section 1981 claims. The basis for that order was that the plaintiff was entitled to a jury trial on her section 1981 claim. Subsequent to that order the Supreme Court decided *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), and the defendant moved for summary judgment. By order dated January 22, 1990, this court gave the plaintiff the notice required by *Griffith v. Wainwright*, 772 F.2d 822 (11th Cir.1985), and the motion for summary judgment is now ripe for consideration.

The plaintiff's section 1981 claim is based upon her allegations that she was terminated from employment because of her race and that the defendant retaliated against her because she had filed a charge of discrimination with the Equal Employment Opportunity Commission.

■ In *Patterson* the Supreme Court held that section 1981 "covers only conduct at the initial formation of the contract and conduct which impairs the right to enforce the contract obligations through legal process." 491 U.S. at ——, 109 S.Ct. at 2374. The plaintiff argues that termination is "a part of the making of a contract." However, this court concludes that *Patterson* should not be read so expansively, since the Supreme Court was careful to limit its reading of section 1981 to those situations involving actual initial formation of a contract or a promotion which would rise "to the level of an opportunity for a new and distinct relation between employee and employer." 491 U.S. at ——, 109 S.Ct. at 2377.

■ The plaintiff further argues that the denial of her grievance through the grievance procedure impaired her right to enforce her employment contract. This court declines to extend *Patterson* to include grievance procedures. In *Patterson* the Supreme Court specifically referred to impairment of the right to enforce contracts "through legal process," and did not discuss administrative remedies or grievance procedures.

As her last argument, the plaintiff contends that *Patterson* should not be applied retroactively to her. This argument has already been implicitly rejected by the Eleventh Circuit. In *McGinnis v. Ingram Equipment Co.*, 888 F.2d 109 (11th Cir. 1989), the trial court found the defendant liable for violating section 1981 and awarded damages to the plaintiff. However, the court of appeals, after noting that the trial court had considered claims of harassment and discriminatory work conditions in making his award, remanded the case so that "the district court should have the opportunity to reconsider its judgment and award of damages" in light of *Patterson*'s holding that such claims "are no longer actionable under section 1981." 888 F.2d at 111.

For the foregoing reasons, the defendant's motion for summary judgment is GRANTED.

SO ORDERED.