**John BIRDWHISTLE, Plaintiff,**

v.

**KANSAS POWER AND LIGHT COMPANY, Defendant.**

**Civ. A. No. 87–4187–S.**

United States District Court, D. Kansas.

July 28, 1989.

---

572

Pantaleon Florez, Jr., Irigonegaray, Eye & Florez, Topeka, Kan., for plaintiff.

Jeffrey S. Southard, Dir. of Litigation, The Kansas Power & Light Co., and K. Gary Sebelius and Catherine A. Walter, Eidson, Lewis, Porter & Haynes, Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion for summary judgment.[1] This is a racial discrimination in employment case. Basically, plaintiff John Birdwhistle, a black American male, contends that he was discharged from his employment with defendant Kansas Power and Light ("KP & L") because of his race. Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), and 42 U.S.C. § 1981.

The facts established for the purpose of this motion are as follows. Plaintiff commenced his employment with defendant in May of 1981 as a building and grounds helper. During his employment, he was transferred to the fuel crew and obtained the position of coal locomotive and tractor operator. Plaintiff was a member of the Local Union 304 of the IBEW. The agreements between KP & L and the union for the period of July 1, 1983 through 1987 included a provision entitled "Absence Notice." This provision stated that "an employee who is unable for any reason to report for work shall be expected to notify his supervisor where practicable, in sufficient time to permit the supervisor to make arrangements for a substitute." Generally, employees were not subject to discipline for failure to notify if they were less than 30 minutes late or if they were going to be more than 30 minutes late, but called in within 30 minutes of the start of their shift to give notice of their tardiness or absence. Defendant had in effect a progressive disci-

---

**1.** The court grants plaintiff's motion to supply the court with material supporting the affidavit of Debra Erickson. Thus, the court will consider this supporting material when considering Erickson's affidavit.

pline policy which provided increasingly severe penalties for infractions of the company's policies. However, apparently there were no guidelines for the progressive discipline policy. The implementation of discipline was left to the total discretion of the employee's supervisor.

Plaintiff worked the 7:00 a.m. to 3:30 p.m. shift. Dave Phelps was the plant manager at the Tecumseh Energy Center and was the person responsible for disciplining plaintiff for infractions of company policy.

On March 25, 1985, plaintiff received a counseling statement for failing to timely notify defendant of his absences on March 23 and 24, 1985. Plaintiff had failed to call in his absence on March 23, 1985 until 8:20 a.m. and on March 24, 1985, until 10:45 a.m. Plaintiff received a one-day suspension for this conduct. The March 25 counseling statement advised that plaintiff could be terminated if he failed to call in before work began or if he expects to be late or absent.

On July 6, 1985, plaintiff notified defendant three hours after the start of his shift that he would be late for work. On July 8, defendant issued plaintiff another counseling statement for his failure to timely notify defendant that he would be late for work. Plaintiff received a three-day suspension for this conduct. On June 26, 1986, plaintiff failed to show up for work at 7:00 a.m. At 8:00 a.m., a foreman called plaintiff at his home. Plaintiff then reported to work at 8:50 a.m. At approximately noon on June 26, 1986, plaintiff was placed on indefinite suspension pending an investigation for his failure to call in on that morning. Dave Phelps recommended that plaintiff be terminated because of this fourth incident of failing to call in to notify the company that he would be late for or absent from work. The Personnel Department agreed with this recommendation, and plaintiff's employment was terminated effective July 2, 1986.

Defendant has presented evidence that subsequent to plaintiff's termination, two white employees (Mike Griffin and Dennis Reser) were discharged after incurring four incidences of failing to notify defendant that the employee would be late for or absent from work.

Plaintiff, however, contends that previous to his discharge, white employees were treated more favorably regarding their failure to notify regarding absences and tardiness. Plaintiff contends that some white employees were not terminated after four incidences of such misconduct. To support this contention, plaintiff presents the affidavit of Debra Erickson and the documents supporting her affidavit. Ms. Erickson reviewed the records of defendant. These company records indicate that nineteen of defendant's employees were absent from work for at least 30 minutes on four or more occasions. These employees were not discharged. This information is taken from records kept for payroll purposes. Also, certain "work accomplishment reports" indicate the amount of time an employee used for personal reasons during the work day. For example, these reports indicate that an employee was absent from work for one hour because of personal reasons. However, these documents in no way indicate the reason why these employees were absent or the reasons why certain amounts of time were not included on their payroll period. Moreover, these documents do not indicate whether, assuming the reason was tardiness or absence from work, the employee called in or failed to call in and give timely notice of the absence or tardiness.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that

there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

## A. *The Title VII Claims*

■ Defendant contends that plaintiff cannot make a prima facie case because plaintiff cannot show that he was qualified to retain the job since he failed to call in and notify defendant of his absences or tardiness. The court believes that this argument goes more to the second level of Title VII disparate treatment analysis: whether defendant had legitimate business reasons for taking the adverse employment action. In a Title VII action somewhat similar to the present case, the Tenth Circuit Court of Appeals considered a terminated employee's alleged insubordination and examined it at the second level of the *McDonnell Douglas* analysis. *See Brown v. Parker–Hannifin Corp.*, 746 F.2d 1407, 1410 (10th Cir.1984). In that case, plaintiff claimed she had suffered discrimination on the basis of her national origin. Defendant argued on summary judgment that plaintiff was insubordinate and that there was no evidence that defendant's discharge was motivated by unlawful or discriminatory animus. *Id.* The court first determined that plaintiff had satisfied the second element of the *McDonnell Douglas* prima fa-

cie case simply by showing that she had the skills necessary to do the work for which she was hired. *Id.* The court then noted that defendant had come forward with a legitimate, nondiscriminatory reason for her discharge: insubordination. The court stated that "it is true that insubordination could serve as a legitimate nondiscriminatory reason for discharge to rebut the plaintiff's prima facie case." *Id.* at 1411 (citing *Ray v. Safeway Stores, Inc.*, 614 F.2d 729, 731 (10th Cir.1980)).

This court will analyze the evidence of plaintiff's failure to call and notify in the same manner employed by the tenth circuit in *Brown*. Defendant does not contend that plaintiff lacked the skill necessary to perform the job on the fuel crew. Therefore, defendant has failed to show the court that plaintiff has not met the second element of a prima facie case showing. The court concludes, for the purposes of this motion, that plaintiff has established a prima facie case.

■ The burden of production now shifts to KP & L to show a legitimate, nondiscriminatory reason for the discharge. *See Wards Cove Packing Co. v. Atonio*, — U.S. —, — – —, 109 S.Ct. 2115, 2125–26, 104 L.Ed.2d 733 (1989). KP & L states that it discharged Birdwhistle after his fourth incident of failing to call in and notify defendant of his inability to arrive at work on time.

■ Plaintiff contends this reason for his discharge is pretextural. To support this claim of pretext, plaintiff has presented evidence that other employees of defendant have accumulated four or more absences of thirty minutes to four hours during the course of their employment and have not been discharged. Plaintiff infers from this evidence that there are other employees who had accumulated four absences and tardiness without calling in and that they were not discharged. Defendant attempts to rebut this evidence and inference by showing that two white employees were discharged for conduct identical to plaintiff's conduct. However, these discharges occurred after plaintiff's dis-

charge. The court finds that the fact that this occurred after plaintiff's discharge could create a question regarding the weight of this evidence with regard to defendant's intent or motive at the time of plaintiff's discharge.

Defendant further attempts to rebut plaintiff's proffered evidence by stating that the evidence does not indicate that any of the employees failed to call in prior to their absences. This is correct. However, the evidence is also devoid of any indication of whether these other employees in fact called in prior to their absences. Therefore, inferences can be drawn favoring both parties on whether the other employees were similarly situated to plaintiff or not. As the tenth circuit has recently said, "[w]here different ultimate inferences may be drawn from the evidence presented by the parties, the case is not one for summary judgment." *Brown,* 746 F.2d at 1411 (citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)).

■ Finally, plaintiff has testified that co-workers made and used racially derogatory terms and statements. Such evidence may serve as proof that an employer's proffered, nondiscriminatory reason for discharge was pretextural. *See Brown,* 746 F.2d at 1412. For the foregoing reasons, the court finds that a triable issue of fact still remains. The question of fact remains whether white employees were treated more favorably than plaintiff regarding the policy on failure to timely notify of absences and whether the progressive disciplinary methods were applied in a consistent manner to all employees, without regard to race. Therefore, the court feels it is not in a position to grant summary judgment on plaintiff's Title VII claim.

### B. *Harassment–Racially Derogatory Comments*

Plaintiff is not seeking damages for racially derogatory comments; thus, defendant's motion for summary judgment on such nonexistent claims is moot.

### C. *Section 1981 Claims*

■ The briefs on the present motion were filed while the case of *Patterson v. McLean Credit Union* was still pending in the United States Supreme Court. Defendant adopted the arguments of respondent McLean Credit Union that section 1981 should not be applicable to employment discrimination claims against private employers. On June 15, 1989, however, the Court handed down its decision and refused to reverse its earlier decision in *Runyon v. McCrary,* 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976), which found section 1981 applicable to cases of private employment discrimination. *Patterson v. McLean Credit Union,* — U.S. —, —— – ——, 109 S.Ct. 2363, 2369–70, 105 L.Ed.2d 132 (1989). The Court held in *Patterson* that section 1981 applies to private employment contracts, but limited the statute's scope by ruling that section 1981 did not provide a remedy for private racially discriminatory harassment. *Id.* — U.S. at —— – ——, 109 S.Ct. at 2373–74.

Plaintiff's claims deal only with alleged discrimination in the termination of his employment contract, and not harassment. This court finds that the Supreme Court's decision in *Patterson* does not affect plaintiff's claim. The Supreme Court in *Patterson* was not asked to address, and did not address, whether alleged discriminatory discharge is actionable under a section 1981. We believe that discharge is directly related to contract enforcement and thus is still actionable under section 1981 in light of *Patterson.* Therefore, defendant's motion for summary judgment on plaintiff's section 1981 claim is denied.

### D. *Plaintiff's Claim Under the Kansas Act Against Discrimination*

Plaintiff concedes that defendant is entitled to summary judgment on the Kansas Act Against Discrimination claim because he did not timely file a charge with the Kansas Commission on Civil Rights within six months of the alleged discriminatory act, as required by K.S.A. 44–1005(i). Therefore, summary judgment will be granted defendant on this claim.

**576**

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to dismiss plaintiff's Title VII claim is denied. IT IS FURTHER ORDERED that defendant's motion to dismiss plaintiff's section 1981 claim is denied. IT IS FURTHER ORDERED that defendant's motion to dismiss plaintiff's claim under the Kansas Act Against Discrimination is granted. IT IS FURTHER ORDERED that plaintiff's motion to supply the court with material supporting the affidavit of Debra Erickson is granted.