Jetson BOOTH, Plaintiff,

v.

TERMINIX INTERNATIONAL, INC., d/b/a Terminix International; Terminix International Co. Limited; Mike Schumaker, Ron Price & Frank Smith; and Service Master of Topeka, Inc., Defendants.

Civ. A. No. 88–2401–S.

United States District Court, D. Kansas.

Sept. 26, 1989.

Frederick J. Patton, II, Patton & Patton, Topeka, Kan., for plaintiff.

James H. Stock, Jr., Weintraub, Robinson, Weintraub & Stock, P.C., Memphis,

Tenn., and Daniel B. Bailey, Alderson, Alderson & Montgomery, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' motion for reconsideration of this court's order of August 21, 1989. In that order, we denied defendants' motion to dismiss. This case is based on plaintiff's claim that he was discharged from his employment because of his race. Defendants had sought dismissal on grounds that the United States Supreme Court's recent decision in *Patterson v. McLean Credit Union*, —— U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), makes such claims no longer actionable under 42 U.S.C. § 1981. In our order of August 21, 1989, we found that claims for racially discriminatory discharge remain actionable under section 1981, relying on our earlier decision in *Birdwhistle v. Kansas Power & Light*, 723 F.Supp. 570, 575 (D.Kan., 1989).

In the present motion for reconsideration, defendants basically argue that the weight of recent lower federal court decisions favor a broad reading of *Patterson* and hold that discriminatory discharge is no longer actionable under section 1981. Defendants cite numerous cases in support. The court agrees that a number of federal district courts have held that a claim for discharge is no longer cognizable under section 1981 in the aftermath of *Patterson*. We respectfully disagree with these courts and feel that they give *Patterson* an overly expansive reading. For the following reasons, we reiterate our belief that *Patterson* does not affect a plaintiff's ability to bring a claim for discriminatory discharge under section 1981.

First, the Supreme Court never addressed the issue of discriminatory discharge in *Patterson*. Secondly, as we said in *Birdwhistle*, termination is part of contract enforcement and thus is actionable under section 1981. Finally, we are not alone in our interpretation of *Patterson*.

Judge Arraj of the District of Colorado agrees that discriminatory discharge claims are actionable under section 1981. *Padilla v. United Air Lines*, 716 F.Supp. 485, 490 (D.Colo.1989) ("A person who is terminated because of his race, like one who was denied an employment contract because of his race, is without a job. Termination affects the existence of the contract, not merely the terms of its performance."); *see also Vance v. Southern Bell Tel.*, 863 F.2d 1503 (11th Cir.1989) (holding that constructive discharge claims are still actionable under section 1981 even in light of *Patterson*) and *Jordan v. U.S. West Direct Co.*, 716 F.Supp. 1366 (D.Colo.1989) (Judge Carrigan found that retaliatory discharge is still actionable under section 1981 after *Patterson*).

IT IS BY THIS COURT THEREFORE ORDERED that defendants' motion for reconsideration is denied.