**Barry KRIEGEL, Plaintiff,**

v.

**The HOME INSURANCE COMPANY, et al., Defendants.**

**Civ. A. No. 1:89–CV–1339–MHS.**

United States District Court,
N.D. Georgia,
Atlanta Division.

July 12, 1990.

---

Paul LeFeyette Styles, Blackburn Shuster King & King, Atlanta, Ga., for plaintiff.

John K. Anderson, David H. Grigereit, Arnold & Anderson, Atlanta, Ga., Allen Fagin, pro hac vice, Elizabeth A. Alcorn, pro hac vice, Proskauer Rose Goetz & Mendelsohn, New York City, for defendants.

## ORDER

SHOOB, District Judge.

In this action the Court must determine whether claims for substantial demotion and constructive discharge under 42 U.S.C. § 1981 remain viable after *Patterson v. McLean Credit Union,* —— U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). The Court declines to adopt the narrow construction of 42 U.S.C. § 1981 recommended by the magistrate and therefore denies defendants' motion to dismiss.

At the outset, the Court notes that *Patterson* did not address race-based demotion and discharge claims. Although the petitioner in *Patterson* alleged that she was fired because of her race, she did not appeal the verdict against her on that claim. *Id.* 109 S.Ct. at 2369. *Patterson* does not mention any of the innumerable prior decisions by the Supreme Court and the lower federal courts authorizing discriminatory discharge claims under § 1981. Moreover, on at least two occasions, the Supreme Court has acknowledged that the viability of discriminatory discharge claims is not resolved by *Patterson.* *See Jett v. Dallas Independent School District,* —— U.S. ——, 109 S.Ct. 2702, 2710, 105 L.Ed.2d 598 (1989) (assuming, without deciding, that discriminatory removal and reassignment violate § 1981). *See also Lytle v. Household Manufacturing, Inc.,* —— U.S. ——, 110 S.Ct. 1331, 1336 n. 3, 108 L.Ed.2d 504 (1990); *Id.* 110 S.Ct. at 1338–39 (O'Connor, J., concurring) (whether discriminatory discharge and retaliation remain actionable under § 1981 is an open question).

*Patterson* held that "racial harassment relating to the conditions of employment is not actionable under § 1981." *Patterson,* 109 S.Ct. at 2369. While *Patterson* states that § 1981 covers only conduct at the initial formation of the contract, that general statement must be read in the context of the decision's emphasis on employment condition issues. *Patterson* holds that § 1981 does not provide a cause of action based on "postformation conduct by the employer relating to the terms and conditions of continuing employment." *Id.* at 2374. Significantly, the Supreme Court concludes by stating "[w]e think it clear that the conduct challenged by petitioner relates not to her employer's refusal to enter into a contract with her, but rather to the *conditions of her employment."* *Id.* at 2377 (footnote omitted) (emphasis added).

 The majority of decisions construing *Patterson* have concluded that all employment discrimination claims based on postformation conduct, with the exception of substantial promotion and interference with the right to enforce contracts through legal process, are no longer actionable under § 1981. *See, e.g., Lavender v. V & B Transmissions & Auto Repair,* 897 F.2d 805 (5th Cir.1990); *Overby v. Chevron USA, Inc.,* 884 F.2d 470 (9th Cir.1989).[1] The Court respectfully observes, however, that the analysis in those cases is neither adequate given the importance of the is-

---

1. The Eleventh Circuit has held that retaliatory conduct is not actionable under § 1981 but has not addressed substantial demotion nor con-structive discharge. *Sherman v. Burke Contracting, Inc.,* 891 F.2d 1527, 1534–35 (11th Cir. 1990).

sues involved nor faithful to the focus of the *Patterson* decision on employment conditions and the statutory interplay between § 1981 and Title VII of the Civil Rights Act of 1964.

The Court does not believe that *Patterson* compels lower federal courts to bar suits based on postformation conduct to the extent assumed by the Fifth and Ninth Circuits. The Court finds more persuasive the thorough and scholarly analysis in *Hicks v. Brown Group,* 902 F.2d 630 (8th Cir.1990). The *Hicks* decision states:

> We refuse to construe Section 1981 as prohibiting an employer from refusing to hire someone based on her race, but then permitting the discharge of that same employee because of her race a month or a year later. Such an absurd interpretation would allow discriminatory discharge to effectively annihilate the right to make contracts. The right to make contracts would be rendered virtually meaningless unless it encompasses the right to be free from discriminatory deprivations of such contracts.

*Id.* at 639. Claims based on racially discriminatory hiring and firing always have been considered actionable under the right to make contracts and have been analytically distinct from racial harassment claims. The Fourth Circuit holding affirmed in *Patterson* acknowledged the identical treatment of hiring and firing claims and the distinction between those claims and employment condition claims. "Claims of racially discriminatory hiring, firing, and promotion go to the very existence and nature of the employment contract and thus fall easily within § 1981's protection." *Patterson v. McLean Credit Union,* 805 F.2d 1143, 1145 (4th Cir.1986), *aff'd in part and vacated in part on other grounds,* —— U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). *Accord Vance v. Southern Bell Telephone and Telegraph Co.,* 863 F.2d 1503, 1509 n. 3 (11th Cir.1989). The Court therefore holds that discriminatory discharge claims remain viable under § 1981.

By allowing discriminatory discharge claims, the Court does not subvert the emphasis in *Patterson* on preserving the integrity of the "detailed and well-crafted procedures for conciliation and resolution of Title VII claims." *Patterson,* 109 S.Ct. at 2374. The Supreme Court stated in *Patterson* that discriminatory hiring claims would not conflict with Title VII's mediation procedures "for there is not yet a relation to salvage." *Id.* at 2375. Similarly, as the Eighth Circuit explains in *Hicks,* "allowing an employee to challenge his or her discriminatory discharge under either Section 1981 or Title VII will not undermine Title VII's mediation and conciliation procedures, because there is no longer an employment relationship to salvage." *Hicks,* 902 F.2d at 641 (footnote omitted).

■ The Court likewise concludes that substantial demotion claims remain actionable under *Patterson.* The magistrate summarily recommended dismissal of plaintiff's demotion claims as postformation conduct that cannot support a claim under § 1981. Promotion claims remain actionable under *Patterson,* however, if "the nature of the change in position was such that it involved the opportunity to enter into a new contract with the employer." *Patterson,* 109 S.Ct. at 2377. It follows, therefore, that demotion claims remain actionable if the change in position results in "a new and distinct relation between the employee and the employer." *Id.* The *Patterson* decision does not suggest that postformation conduct involving promotions should be treated differently than postformation conduct involving demotions. Since, under certain circumstances, the former is actionable, the Court finds that the latter must be actionable as well.

. The Supreme Court reaffirmed in *Patterson* "our society's deep commitment to the eradication of discrimination based on a person's race or the color of his or her skin." *Id.* at 2371 (citations omitted). Given the strength and importance of that commitment, the Court will not infer a more restrictive construction of 42 U.S.C. § 1981 than the Supreme Court has adopted. The Court therefore DENIES defendants' motion to dismiss. Defendants'

motions to submit supplemental briefs are GRANTED *nunc pro tunc.*

IT IS SO ORDERED.