Doris TAGGART, Appellant,

v.

**JEFFERSON COUNTY CHILD SUPPORT ENFORCEMENT UNIT, Appellee.**

**No. 89–2429EA.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1990.

Decided Oct. 3, 1990.

Morris W. Thompson, Little Rock, Ark., for appellant.

Spencer F. Robinson, Pine Bluff, Ark., for appellee.

Before FAGG and BEAM, Circuit Judges, and WOODS,* District Judge.

PER CURIAM.

Doris Taggart appeals from a district court order dismissing her claim for racially discriminatory termination brought against the Jefferson County Child Support Enforcement Unit under 42 U.S.C. § 1981 (1988). We reverse and remand.

The district court dismissed Taggart's claim after concluding that *Patterson v. McLean Credit Union*, — U.S. —, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), bars discriminatory discharge claims under section 1981. Following the district court's ruling, a panel of this court took the position "that *Patterson* d[oes] not address whether [discriminatory] discharge is prohibited by [s]ection 1981," *Hicks v. Brown Group, Inc.*, 902 F.2d 630, 638 (8th Cir. 1990), and held that a claim for discriminatory discharge "[remains] actionable under [s]ection 1981 after *Patterson*." *Id.* at 656. Because "[o]ne panel of this [c]ourt is not at liberty to disregard a precedent handed down by another panel," *Drake v. Scott*, 812 F.2d 395, 400 (8th Cir.), *cert. denied*, 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987), we must reverse the district court's dismissal order and remand the case for further proceedings.

Absent the panel opinion in *Brown Group*, however, we would affirm the district court. In our opinion, the Supreme Court's decision in *Patterson* precludes section 1981 suits for discriminatory termination of employment. *See Brown Group*, 902 F.2d at 656-57 (Fagg, J., dissenting). Four circuit courts of appeals agree with this view. *See Gonzalez v. Home Ins. Co.*, 909 F.2d 716, 722 (2d Cir.1990); *McKnight v. General Motors Corp.*, 908 F.2d 104, 108-09 (7th Cir.1990); *Courtney v. Canyon Television & Appliance Rental*, 899 F.2d 845, 849 (9th Cir.1990); *Lavender v. V & B Transmissions & Auto Repair*, 897 F.2d 805, 807-08 (5th Cir.1990). Although we disagree with the *Brown Group* panel's interpretation of *Patterson*, "[a] decision of a panel of this court is the law of the circuit and we are compelled to follow it." *Dudley v. Dittmer*, 795 F.2d 669, 673 (8th Cir.1986). Only the court en banc can disregard this precedent. *Drake*, 812 F.2d at 400.

Accordingly, we reverse the district court's order.