Bertha A. **MAYHUE**, Plaintiff,

v.

**ST. FRANCIS HOSPITAL OF WICHITA, INC.,** Defendant.

Civ. A. No. 82–1854–T.

United States District Court, D. Kansas.

Oct. 19, 1990.

James S. Phillips, Jr., Phillips & Phillips, Wichita, Kan., for plaintiff.

Alexander B. Mitchell, Klenda, Mitchell, Austerman & Zuercher, Wichita, Kan., for defendant.

**MEMORANDUM AND ORDER**

THEIS, District Judge.

This matter is before the court on defendant's motion to dismiss. Doc. 97. Defendant seeks dismissal of all but one of plaintiff's claims brought pursuant to 42 U.S.C. § 1981, and reinstatement of the court's earlier findings against plaintiff on all but one of her claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This matter has been fully briefed and the court is prepared to rule.

This case has a somewhat unusual procedural history. This case was originally assigned to Judge Crow of this District. A jury trial was held in 1986. The jury returned its verdict in favor of plaintiff on three of her five claims for relief under section 1981. Specifically, the jury found that plaintiff was discriminated against be-

cause of her race as a result of defendant's failure to promote her in 1970 and defendant's failure to keep her employed when it closed its nursing school in 1980, and that plaintiff was retaliated against because of her complaints of racial discrimination by defendant's failure to reemploy plaintiff since 1980. The jury found that plaintiff was not discriminated against nor retaliated against as a result of defendant's failure to employ plaintiff in the position of Food Service Director in 1983. Doc. 50 (jury verdict).

Subsequently, Judge Crow entered a written opinion denying plaintiff all relief on her Title VII claims. Doc. 61. On the same day, Judge Crow granted defendant's motion for new trial on all issues because of juror misconduct. Doc. 62. In light of *Skinner v. Total Petroleum, Inc.*, 859 F.2d 1439 (10th Cir.1988), Judge Crow set aside his findings on the Title VII issues, so that all common factual issues would be decided by the jury on the section 1981 claims. Doc. 87. The action was transferred to this judge for new trial. Doc. 76, 83 (transferred back to Judge Crow for ruling on pending motions), 87 (transferred back to this court). The matter is presently set for a combined jury/bench trial on October 15, 1990.

As an initial matter, the court notes that the parties are in disagreement over how many section 1981 claims plaintiff is raising. *Compare* Doc. 98 (defendant's memorandum) (listing three issues) *with* Doc. 101 (plaintiff's memorandum) (listing five issues). Defendant argues that the pretrial order contains only four claims under section 1981. *See* Doc. 102 (defendant's reply) As plaintiff correctly notes, five claims under section 1981 were presented to the jury in the first trial. To the extent that any claims were not included in the pretrial order, plaintiff's pleadings may be amended to conform to the evidence. Fed.R. Civ.P. 15(b). The court intends to present to the second jury the same issues presented to the first jury, since a new trial was granted as to all issues.

Plaintiff's claims under section 1981 are as follows: (1) failure to promote in 1970; (2) termination (failure to retain) in 1980; (3) failure to hire in 1983; (4) retaliation by failure to retain in 1980; and (5) retaliation by failure to hire in 1983. Defendant concedes that plaintiff's claim based on failure to hire in 1983 remains a viable section 1981 claim. Doc. 98 at 4. The court shall not address that particular claim further.

Defendant's motion to dismiss requires the court to discuss two distinct issues: (1) whether plaintiff's section 1981 claims are cognizable in light of the Supreme Court's decision in *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989); and (2) if not, whether *Patterson* should be applied retroactively in this case. For the reasons set forth below, the court finds that plaintiff's section 1981 claims are still cognizable. Alternatively, if plaintiff's claims are barred by *Patterson*, the court rules that *Patterson* should not be applied retroactively.

A. Section 1981 Claims

Section 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981. In *Patterson v. McLean Credit Union*, the Court held that racial harassment relating to the conditions of employment is not actionable under section 1981 "because that provision does not apply to conduct which occurs after the formation of a contract and which does not interfere with the right to enforce established contract obligations." 109 S.Ct. 2363, 2369 (1989). The Supreme Court stated that it "believe[d] that the lower courts will have little difficulty applying the straightforward principles" announced in *Patterson, id.* at 2377 n. 6. The lower courts, however, have reached differing conclusions on what specific acts of discrimination may be remedied under section 1981 in light of *Patterson*.

### 1. Failure to promote

■ Discriminatory failure to promote is cognizable under section 1981 when "the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer...." *Patterson,* 109 S.Ct. at 2377. *See Figures v. Board of Public Utilities of Kansas City, Kansas,* 731 F.Supp. 1479, 1482 (D.Kan. 1990); *Payne v. General Motors Corp.,* 731 F.Supp. 1465, 1474 (D.Kan.1990). Plaintiff alleges that the promotion to Director of Food Service which she sought in 1970 would have resulted in a new and distinct employer/employee relation. Plaintiff previously had been employed as a Clinical Dietician. The Director of Food Service position would have involved greater responsibilities, including hiring and supervisory duties. Plaintiff has sufficiently alleged factual matters precluding dismissal of this claim.

### 2. Termination

■ The judges in this District have split on whether a claim for discriminatory discharge under section 1981 survives *Patterson.* Both Chief Judge O'Connor and Judge Rogers have held that discriminatory termination claims are no longer actionable under section 1981. *Carroll v. General Motors Corp.,* No. 88–2532–O, 1989 WL 103645 (D.Kan. July 28, 1989); *Dean v. Taco Tico, Inc.,* No. 85–4167–R, 1990 WL 78546 (D.Kan. May 11, 1990). Judge Saffels has held that a claim of discriminatory discharge is still actionable under section 1981 in light of *Patterson. Birdwhistle v. Kansas Power and Light Co.,* 723 F.Supp. 570 (D.Kan.1989); *see also Booth v. Terminix International, Inc.,* 722 F.Supp. 675 (D.Kan.1989). This court finds itself in agreement with the position taken by Judge Saffels. As Judge Arraj stated in *Padilla v. United Air Lines,* 716 F.Supp. 485, 490 (D.Colo.1989):

> [T]ermination is part of the making of a contract. A person who is terminated because of his race, like one who was denied an employment contract because of his race, is without a job. Termination affects the existence of a contract, not merely the terms of its performance. Thus, discriminatory termination directly

affects the right to make a contract contrary to § 1981.

The court holds that plaintiff's claim of discriminatory termination is actionable.

### 3. Retaliation

■ Retaliation for filing an EEOC charge is cognizable under section 1981 because such retaliation "interferes with the right to enforce established contract obligations." *Yates v. Western Electric Co.,* No. 88–2280–S, slip op. at 7, 1989 WL 152222 (D.Kan. Nov. 30, 1989) (quoting *Patterson,* 109 S.Ct. at 2369). The court agrees that retaliation because of complaints of discrimination falls within the right to enforce contracts protected by section 1981. *See Jordan v. U.S. West Direct Co.,* 716 F.Supp. 1366, 1368–69 (D.Colo. 1989). The court concludes, therefore, that all of plaintiff's claims brought pursuant to section 1981 survive *Patterson.*

### B. Retroactive Application of *Patterson*

The Tenth Circuit has not yet had the opportunity to address *Patterson* in any detail. In *Jackson v. City of Albuquerque,* 890 F.2d 225 (10th Cir.1989), a section 1981 case decided several months after *Patterson,* the court affirmed the jury's verdict that the plaintiff was retaliated against for filing an EEOC complaint, terminated because of his race and/or for filing a discrimination complaint, and that plaintiff was subjected to discriminatory treatment in employment because of his race or because he had filed a discrimination complaint. The court noted that *Patterson* did not affect the analysis or outcome of the case. 890 F.2d at 236 n. 15. The court takes *Jackson* to be an indication that *Patterson* should not automatically be applied retroactively.

■ If *Patterson* does bar any or all of plaintiff's section 1981 claims, the court must determine whether *Patterson* should be applied retroactively. Generally, a case should be decided in accordance with the law existing at the time of decision. The court may, however, make exceptions to the general rule when a change in law is unfairly disruptive of a litigant's course of

conduct or reasonable expectations. *Noble v. Drexel, Burnham, Lambert, Inc.,* 823 F.2d 849, 850 (5th Cir.1987); *Ketchum v. Almahurst Bloodstock IV,* 685 F.Supp. 786, 789 (D.Kan.1988). Three factors are relevant to determining whether a judicial decision should not be applied retroactively. First, the decision to be applied must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, the court must weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective application will further or retard its operation. Third, the court should weigh the inequity imposed by retroactive application. *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971).

█ The court finds that *Patterson* established a new principle of law, by overruling clear past precedent on which the parties may have relied. Courts had recognized, prior to *Patterson,* a cause of action under section 1981 for racial discrimination in terms and conditions of employment. *See Musikiwamba v. ESSI, Inc.,* 760 F.2d 740 (7th Cir.1985). The Tenth Circuit recognized that section 1981 provided a remedy against employment discrimination on the basis of race. *Poolaw v. City of Anardarko,* 660 F.2d 459, 461 (10th Cir.1981), *overruled on other grounds, Skinner v. Total Petroleum, Inc.,* 859 F.2d 1439 (10th Cir.1988). The Tenth Circuit had also recognized a cause of action under section 1981 for a claim of termination or discharge based on race. *See, e.g., Skinner v. Total Petroleum, Inc.,* 859 F.2d 1439, 1444, 1446–47 (10th Cir.1988); *McAlester v. United Air Lines, Inc.,* 851 F.2d 1249, 1260 (10th Cir.1988); *Meade v. Merchants Fast Motorline, Inc.,* 820 F.2d 1124, 1125–27 (10th Cir.1987). Many courts had recognized a cause of action for racial harassment under section 1981. *See, e.g., Vance v. Southern Bell Telephone and Telegraph Co.,* 863 F.2d 1503, 1509 (11th Cir.1989); *North v. Madison Area Ass'n for Retarded Citizens—Developmental Centers Corp.,* 844 F.2d 401, 408 (7th

1988); *Erebia v. Chrysler Plastic Products Corp.,* 772 F.2d 1250, 1251, 1257–58 (6th Cir.1985), *cert. denied,* 475 U.S. 1015, 89 L.Ed.2d 311 (1986); *Vaughn v. Pool Offshore Co.,* 683 F.2d 922, 924 (5th Cir. 1982).

The court believes it would be inequitable to apply *Patterson* to bar plaintiff's claims. This particular case has an unusual history. If the verdict had not been tainted by juror misconduct, this action would have been resolved several years ago. Plaintiff's cause of action under section 1981 would have reached a final resolution. Thus, to the extent *Patterson* can be interpreted as a limitation on plaintiff's section 1981 claims, those limitations should not be applied retroactively in this case.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to dismiss (Doc. 97) is hereby denied.