935 F.2d 947
 55 Fair Empl.Prac.Cas. 1545,
56 Empl. Prac. Dec. P 40,847, 59 USLW 2758
 Doris TAGGART, Appellant,
v.
JEFFERSON COUNTY CHILD SUPPORT ENFORCEMENT UNIT, Appellee.
 No. 89-2429.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 13, 1991.
Decided June 6, 1991.
Rehearing and Rehearing En Banc
Denied July 31, 1991.
 
 Morris Thompson, Little Rock, Ark., for appellant.
 Spencer Robinson, Pine Bluff, Ark., for appellee.
 Before LAY, Chief Judge, McMILLIAN, ARNOLD, John R. GIBSON, FAGG, BOWMAN, WOLLMAN, MAGILL, BEAM, and LOKEN, Circuit Judges, en banc.
 FAGG, Circuit Judge, joined by John R. GIBSON, BOWMAN, WOLLMAN, MAGILL, BEAM, and LOKEN, Circuit Judges.
 Doris Taggart appeals the district court's order dismissing her claim for racially discriminatory termination brought against the Jefferson County Child Support Enforcement Unit under 42 U.S.C. Sec. 1981. We affirm.
 This appeal is before the court en banc to resolve whether a claim for racially discriminatory termination under section 1981 remains actionable following the Supreme Court's decision in Patterson v. McLean Credit Union, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). Compare Hicks v. Brown Group, Inc., 902 F.2d 630, 656 (8th Cir.1990) (discriminatory discharge claims under section 1981 not barred by Patterson ) with Taggart v. Jefferson County Child Support Enforcement Unit, 915 F.2d 396, 397 (8th Cir.1990) (following Brown Group but questioning its interpretation of Patterson ) (per curiam). After we agreed to consider this case en banc, the Supreme Court vacated and remanded Brown Group for further consideration in light of today's en banc decision. Brown Group, Inc. v. Hicks, --- U.S. ----, 111 S.Ct. 1299, 113 L.Ed.2d 234 (1991). On the same day the Supreme Court vacated Brown Group, the Court also denied certiorari in a Seventh Circuit case, McKnight v. General Motors Corp., 908 F.2d 104 (7th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 1306, 113 L.Ed.2d 241 (1991), which holds discriminatory discharge claims are not actionable under section 1981 following Patterson.
 At the time this court decided Brown Group, only two circuits had considered whether Patterson precludes these claims. Courtney v. Canyon Television & Appliance Rental, Inc., 899 F.2d 845, 849 (9th Cir.1990) (holding discriminatory discharge claims not actionable under section 1981 following Patterson ); Lavendar v. V & B Transmissions & Auto Repair, 897 F.2d 805, 807-08 (5th Cir.1990) (same). Since that time, however, seven other circuit courts of appeals considering the issue have concluded Patterson precludes discriminatory discharge claims under section 1981. Gersman v. Group Health Assoc., 931 F.2d 1565, 1571-72 (D.C.Cir.1991); Trujillo v. Grand Junction Regional Center, 928 F.2d 973, 976 (10th Cir.1991); Williams v. First Union Nat'l Bank, 920 F.2d 232, 233-34 (4th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 2259, 114 L.Ed.2d 712 (1991); Prather v. Dayton Power & Light Co., 918 F.2d 1255, 1256-58 (6th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 2889, 115 L.Ed.2d 1054 (1991); Thompkins v. DeKalb County Hosp. Auth., 916 F.2d 600, 601 (11th Cir.1990) (per curiam); Gonzalez v. Home Ins. Co., 909 F.2d 716, 722 (2d Cir.1990); McKnight v. General Motors Corp., 908 F.2d 104, 108-09 (7th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 1306, 113 L.Ed.2d 241 (1991); see also Brown Group, 902 F.2d at 656-57 (Fagg, J., dissenting). We find the reasoning of these authorities persuasive. We thus conclude Patterson bars discriminatory discharge claims under section 1981.
 A final point. The circuit and district court cases relied on by the dissent have been superseded by the controlling circuit authority cited above. Contrary to Judge McMillian's reasoned opinion in Brown Group, the circuit courts of appeals have unanimously held Patterson forecloses discriminatory discharge claims under section 1981. If the Patterson precedent is to be revisited, it is the prerogative of the Supreme Court to do so, not the courts of appeals.
 Accordingly, we affirm the district court.
 LOKEN, Circuit Judge, concurring, joined by BEAM, Circuit Judge.
 The dispositive issue on appeal reaches this court in an unusual posture, which leads me to explain the reasons why I join Judge Fagg's majority opinion.
 In Johnson v. Railway Express Agency, 421 U.S. 454, 459-460, 95 S.Ct. 1716, 1720, 44 L.Ed.2d 295 (1975), a wrongful termination case, the Supreme Court stated, "Although this Court has not specifically so held, it is well settled among the Federal Courts of Appeals--and we now join them--that Sec. 1981 affords a federal remedy against discrimination in private employment on the basis of race." In Runyon v. McCrary, 427 U.S. 160, 168, 96 S.Ct. 2586, 2593, 49 L.Ed.2d 415 (1976), the Court described this aspect of Johnson as "well established," despite Justice White's argument in dissent that the above statement in Johnson was dictum, 427 U.S. at 214, 96 S.Ct. at 2615.
 In the course of explicitly deciding not to overrule Runyon, the Patterson majority twice cited Johnson uncritically, 109 S.Ct. at 2370, 2375. Even more significantly, in criticizing the Patterson holding that there is no Sec. 1981 cause of action for racially discriminatory harassment in employment, Justice Brennan in dissent observed that the majority had limited Sec. 1981 to protecting only "refusals to contract ... and ... discriminatory decisions to discharge," 109 S.Ct. at 2388 (emphasis added); the majority opinion, which responded to other portions of Justice Brennan's dissent, did not take issue with this observation.
 As Judge Fagg notes, nine other circuits have now concluded that Patterson eliminated the "well established" cause of action under Sec. 1981 for racially discriminatory employment discharges. However, in my view none of these decisions paid sufficient heed to the contrary decision in Johnson and to the Supreme Court's failure to state in Patterson, if such were intended, that Johnson was being overruled even though Runyon was not. Therefore, prior to the Supreme Court's latest actions, I was inclined to believe that our panel decision in Brown Group was correct in adhering to the long line of cases recognizing a Sec. 1981 cause of action for racially discriminatory discharges, even though the Supreme Court had twice noted after Patterson that this is an open question. Lytle v. Household Mfg., Inc., 494 U.S. 545, 110 S.Ct. 1331, 1336 n. 3, 1337, 108 L.Ed.2d 504 (1990); Jett v. Dallas Ind. School Dist., 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989).
 However, the Supreme Court has now remanded Brown Group for reconsideration in light of our opinion in this case and simultaneously has denied the petition for certiorari from the Seventh Circuit's contrary decision in McKnight v. General Motors Corp. By these actions, I conclude that the Supreme Court has made it unmistakably clear that it did intend in Patterson to overrule Johnson, a step that only the Supreme Court may of course take.
 Reasonable judges may differ as to the proper interpretation of Sec. 1981. But with a statute such as this that has been the subject of frequent and not altogether consistent Supreme Court interpretation, it is our task to follow that Court's latest pronouncement unless and until Congress chooses to amend the statute. In this case, that task has led the majority to conclude that the Supreme Court has impliedly overruled one of its prior decisions. This is a conclusion that I would not expect to come to very often, but here I believe it is well justified.
 McMILLIAN, Circuit Judge, dissenting, joined by LAY, Chief Judge, and ARNOLD, Circuit Judge.
 I respectfully dissent for the reasons set forth in my opinion for the panel majority in Hicks v. Brown Group, Inc., 902 F.2d 630, 637-40 (8th Cir.1990), vacated and remanded, --- U.S. ----, 111 S.Ct. 1299, 113 L.Ed.2d 234 (1991) (for further consideration in light of granting of rehearing en banc in Taggart ).
 This court is well aware that Patterson v. McLean Credit Union, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989) (Patterson ), left open the question of whether a racial discriminatory termination violates the provisions of 42 U.S.C. Sec. 1981 (1988) prohibiting racial discrimination in the making and enforcement of contracts. In Lytle v. Household Manufacturing, Inc., 494 U.S. 545, 110 S.Ct. 1331, 1336 n. 3, 108 L.Ed.2d 504 (1990), the Supreme Court reaffirmed that Patterson did not resolve whether discriminatory firing is actionable under Sec. 1981. Lytle was fired and, after receiving his right to sue letter, he filed suit under both Title VII and Sec. 1981. The district court dismissed his Sec. 1981 claims, and the court of appeals affirmed, but the Supreme Court vacated both decisions, directing that "[o]n remand, the Fourth Circuit should consider the impact of Patterson on Lytle's Sec. 1981 claims." Id. Justice O'Connor expressly acknowledged that "the question of whether petitioner has stated a valid claim under Sec. 1981 remains open." Id. 110 S.Ct. at 1338-39 (O'Connor, J., concurring).
 All of the circuits have not spoken on this specific issue, but several have given some indication of what their ruling would be if it were necessary. In Jackson v. City of Albuquerque, 890 F.2d 225 (10th Cir.1989), Jackson filed his action alleging violation of 42 U.S.C. Secs. 1981, 1983, and 1985 (1988). The court upheld the jury's verdict finding that Jackson, among other things, had been terminated because of his race. 890 F.2d at 230-31. In Kriegel v. Home Insurance Co., 739 F.Supp. 1538, 1540 (N.D.Ga.1990), Judge Shoob held that discriminatory discharge claims remain viable under Sec. 1981. He stated: "The Court does not believe that Patterson compels lower federal courts to bar suits based on post-formation conduct to the extent assumed by the Fifth and Ninth Circuits. The Court finds more persuasive the thorough and scholarly analysis in Hicks v. Brown Group, Inc....." Id. Judge Shoob took his lead from McGinnis v. Ingram Equipment Co., 888 F.2d 109 (11th Cir.1989) (per curiam) (McGinnis ), aff'd on other grounds en banc, 918 F.2d 1491 (1990). In McGinnis the Eleventh Circuit, after discussing Patterson, focused its remaining commentary on McGinnis's failure to promote claim. McGinnis's Sec. 1981 claim alleged discriminatory failure to promote, racial harassment, and discriminatory work conditions. The court ruled Patterson rendered void the racial harassment and discriminatory work conditions claims and remanded the action to determine if the failure to promote claim met Patterson's "new and distinct relation between the employee and the employer" standard. Id. at 111. The court left intact the district court's ruling that failure to promote was actionable under Sec. 1981. It would seem clear that if failure to promote is actionable, certainly discharge is.
 In another district court decision, Booth v. Terminix International, Inc., 722 F.Supp. 675 (D.Kan.1989), the defendants had basically argued that most recent lower federal court decisions favor a broad reading of Patterson and hold that discriminatory discharge is no longer actionable under Sec. 1981. Judge Saffels denied the motion for reconsideration and explained:
 First, the Supreme Court never addressed the issue of discriminatory discharge in Patterson. Secondly, as we said in Birdwhistle [v. Kansas Power & Light Co., 723 F.Supp. 570 (D.Kan.1989) ], termination is part of contract enforcement and thus is actionable under [Sec.] 1981. Finally, we are not alone in our interpretation of Patterson. Judge Arraj of the District of Colorado agrees that discriminatory discharge claims are actionable under Sec. 1981. Padilla v. United Air Lines, 716 F.Supp. 485, 490 (D.Colo.1989) ("A person who is terminated because of his [or her] race, like one who was denied an employment contract because of his [or her] race, is without a job. Termination affects the existence of the contract, not merely the terms of its performance.").
 722 F.Supp. at 676; see also Vance v. Southern Bell Telephone & Telegraph Co., 863 F.2d 1503, 1509 n. 3 (11th Cir.1989) (holding that constructive discharge claims are still actionable under Sec. 1981 even in light of Patterson ); Jordan v. U S West Direct Co., 716 F.Supp. 1366, 1368-69 (D.Colo.1989) (Carrigan, J.) (holding that retaliatory discharge is still actionable under Sec. 1981 after Patterson ).
 
 
 1
 Accordingly, I would hold that Patterson does not bar discriminatory discharge claims under Sec. 1981 and would reverse the judgment of the district court.