996 F.2d 1222
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Samuel THOMPSON, Appellant,
v.
MCDONNELL DOUGLAS CORPORATION, Appellee.
 No. 93-1412.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 23, 1993.
Filed: June 29, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Samuel Thompson, an African-American and a former employee of McDonnell Douglas Corporation (defendant), appeals from the district court's[1] dismissal of his race discrimination claim brought under Title VII of the Civil Rights Act of 1964. We affirm.
 
 
 2
 Thompson filed this action alleging defendant violated Title VII and 42 U.S.C. § 1981 by discriminating against him on the basis of race when it laid him off on October 12, 1990. Defendant moved to dismiss, arguing Thompson failed to file a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC) after he was notified of his impending layoff on August 8, 1990, and he failed to state a section 1981 claim.
 
 
 3
 The district court dismissed the section 1981 portion of the complaint because racially-discriminatory-discharge claims may not be brought under section 1981. See Taggart v. Jefferson County Child Support Enforcement Unit, 935 F.2d 947, 948 (8th Cir. 1991) (en banc). The district court ordered Thompson to submit additional documentation indicating any equitable basis for tolling the time for filing his Title VII claim. Thompson failed to do so.
 
 
 4
 Citing Delaware State College v. Ricks, 449 U.S. 250, 259-62 (1980), Chaffin v. Rheem Mfg. Co., 904 F.2d 1269, 1271-72 (8th Cir. 1990), and 42 U.S.C. § 2000e-5(e)(1), the district court dismissed Thompson's Title VII claim because he did not file a charge of discrimination with the EEOC within 300 days after he was notified of the layoff, and he did not present a basis for equitable tolling of the time to file a charge. Thompson appeals.
 
 
 5
 "The timely filing of a charge of discrimination with the EEOC is a jurisdictional prerequisite to court action under Title VII." Chaffin, 904 F.2d at 1271. Defendant's layoff notice to Thompson on August 8, 1990, commenced the 300-day limitations period for filing a charge of discrimination with the EEOC. See 42 U.S.C. § 2000e-5(e)(1) (where person first brings charge of unlawful employment practice to state agency, "such charge shall be filed [with the EEOC] by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred"); Ricks, 449 U.S. at 259-62; Wilson v. Westinghouse Elec. Corp., 838 F.2d 286, 288 (8th Cir. 1988) (limitations period commences when plaintiff receives notice of termination decision). Thompson's discrimination charge, filed July 15, 1991-341 days after the layoff notice-was ineffective to preserve his right to pursue a Title VII action.
 
 
 6
 Thompson contends the filing time should be equitably tolled because the layoff notice did not state why he in particular was selected for layoff, and this silence was designed to delay his filing of a discrimination charge. We disagree. A limitations period for filing a charge of discrimination will be tolled only if the employer deliberately misled the employee to delay filing his charge. See Chaffin, 904 F.2d at 1272 (citing Kriegesmann v. Barry-Wehmiller Co., 739 F.2d 357, 358-59 (8th Cir.), cert. denied, 469 U.S. 1036 (1984)). Thompson has not alleged facts, and he has not submitted documentation, to show defendant acted deliberately to deceive him so that he would delay in filing the charge.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri