39 F.3d 1184
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Terence NESBIT, Appellant,
v.
LOUISIANA-PACIFIC CORPORATION, Weather Guard Division, Appellee.
 No. 94-1646.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Nov. 3, 1994.
Filed: Nov. 9, 1994.
 
 Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Terence Nesbit appeals pro se from the final order entered in the District Court[1] for the Eastern District of Missouri, granting judgment to defendant Louisiana-Pacific Corporation following a bench trial on his 42 U.S.C. Sec. 1981 discriminatory-failure-to-hire claim, and granting defendant summary judgment on his Sec. 1981 discriminatory-discharge claim. For the reasons discussed below, we affirm.
 
 
 2
 Nesbit, who is black, was employed by Atlas Reserve Temporaries, Inc. (Atlas), a business which supplies temporary laborers to other businesses. In October 1991, Nesbit was assigned to work at Louisiana-Pacific's plant, filling bags with insulation. Thirty days later, after an altercation with his supervisor at defendant's plant, Nesbit was told to leave, and the supervisor asked Atlas not to assign Nesbit to its plant any more.
 
 
 3
 Nesbit filed an action in state court against defendant, claiming, inter alia, discriminatory discharge under Sec. 1981. Defendant removed the case to federal court and moved for summary judgment, arguing that this claim was not cognizable, under Patterson v. McLean Credit Union, 491 U.S. 164 (1989). Nesbit responded, inter alia, that defendant also failed to hire him as a permanent employee on the basis of his race, in violation of Sec. 1981.
 
 
 4
 In September 1992, the district court granted defendant partial summary judgment, concluding that Nesbit's Sec. 1981 discriminatory-discharge claim was barred under Patterson, citing Taggart v. Jefferson County Child Support Enforcement Unit, 935 F.2d 947, 948 (8th Cir. 1991); and that the Civil Rights Act of 1991, which became effective November 21, 1991, could not be applied retroactively to Nesbit's November 16 discharge, under Fray v. Omaha World Herald Co., 960 F.2d 1370 (8th Cir. 1992). The district court construed as amendments to his complaint Nesbit's failure-to-hire allegations, and concluded Nesbit had stated a failure-to-hire claim under Sec. 1981.
 
 
 5
 At trial, Nesbit, who proceeded pro se, introduced only documentary evidence in his case-in-chief; defendant presented its case through the testimony of three employees; Nesbit testified in rebuttal. The district court made findings of fact, including the following. Nesbit was employed by and paid by Atlas, who contracted with defendant to supply temporary laborers. Although defendant could hire temporary laborers as permanent employees, defendant had hired none within the first thirty days of temporary employment because it would owe a fee to Atlas. Defendant had hired at least one black permanent employee from its own pool of temporary employees. On November 16, 1991, Nesbit's supervisors instructed Nesbit twice to return to his post to continue bagging. The last time Nesbit returned to his post, he shook a bag open and the bag hit his supervisor in the eye. The supervisor then instructed Nesbit to follow her to the office, where she told him to leave the plant and not return. Two days later, the supervisor asked Atlas not to assign Nesbit to defendant's plant because of his inadequate performance-i.e., his carelessness and his slow pace.
 
 
 6
 The district court found that Nesbit failed to make a prima facie case of intentional discrimination, because he did not establish that he applied for any particular job or that a white employee was hired to fill any permanent position during the thirty days Nesbit was employed at defendant's plant. The district court further found that, even if Nesbit had made out a prima facie case, defendant showed that Nesbit's temporary placement was terminated because he left his bagging post twice, causing the production line to be halted, and because Nesbit's careless conduct caused his supervisor to be injured. Thus, Nesbit did not prove defendant's failure to hire him as a permanent employee was discriminatory.
 
 
 7
 We review a district court's factual findings for clear error and accept the district court's account of the evidence if it is plausible in light of the entire record. Fed. R. Civ. P. 52(a); Herring-Marathon Master Partnership B v. Boardwalk Fries, Inc., 979 F.2d 1326, 1329 (8th Cir. 1992).
 
 
 8
 Nesbit argues on appeal that the district court should have required defendant to support its case by written documentation, and that the court should have afforded greater weight to his evidence, which was primarily documentary. This argument is meritless: defendant could properly present evidence through employee testimony. Further, Nesbit's argument that defendant failed to disprove he performed satisfactorily is also without merit because he bore the ultimate burden of proving intentional discrimination. Upon our review of the record, including the trial transcript, we conclude that the district court's findings are not clearly erroneous.
 
 
 9
 In addition, we conclude that summary judgment was properly granted on Nesbit's Sec. 1981 discriminatory-discharge claim for the reasons the district court stated.
 
 
 10
 Accordingly, we affirm the judgment of the district court. Nesbit's motion to remand is denied and his motion for transcript at government expense is moot.
 
 
 
 [1]
 The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri