51 F.3d 277
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Wayne DeMARTRA, Appellant,
v.
FEDERAL EXPRESS CORPORATION, Appellee.
 No. 94-3198.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 14, 1995.
Filed: Mar. 28, 1995.
 
 Before MAGILL, Circuit Judge, GIBSON, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 Wayne DeMartra appeals the district court's[1] grant of summary judgment in favor of defendant Federal Express Corporation in this 42 U.S.C. Sec. 1981 and breach of contract action. We affirm.
 
 
 2
 DeMartra was employed by Federal Express first as a cargo handler and later as a courier. After a checkered two-year work history with Federal Express, DeMartra was suspended when he failed a Job Knowledge Test for a second time. Ultimately, on June 22, 1991, DeMartra was terminated for failure to pass the Job Knowledge Test.
 
 
 3
 DeMartra argues on appeal that the district court erred when it granted summary judgment because: (1) Federal Express is estopped from asserting that DeMartra's claim is untimely; (2) DeMartra showed that he was treated differently than a similarly situated white employee; (3) disparate treatment constitutes racial animus for the purposes of Sec. 1981; and (4) DeMartra was party to an employment contract, the terms of which were provided by Federal Express's People Manual.
 
 
 4
 We have carefully reviewed the facts, the law, and the arguments of the parties, and we conclude that an extended discussion would not serve any useful purpose. Patterson v. McLean Credit Union, 491 U.S. 164, 175-78 (1989), precludes discriminatory discharge claims under the pre-1991 version of Sec. 1981. Taggart v. Jefferson County Child Support Enforcement Unit, 935 F.2d 947, 948 (8th Cir. 1991). Moreover, the amendments made to Sec. 1981 by the Civil Rights Act of 1991 are not retroactive. Rivers v. Roadway Express, Inc., 114 S. Ct. 1510, 1514-15, 1519-20 (1994). Since DeMartra's claim arises from pre-amendment conduct, we find no error in the district court's treatment of his claim. We also find no error in the treatment of DeMartra's contract claim. The language of the manual upon which DeMartra relies is far too slender a reed upon which to rest the purported contractual obligation. Accordingly, we affirm. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota