Ulysses T. **CARTER**, Plaintiff,

v.

**BRUCE OAKLEY, INC.**, Defendant.

No. LR–C–90–155.

United States District Court,
E.D. Arkansas, W.D.

April 1, 1993.

John Biscoe Bingham, Hoofman & Bingham, P.A., North Little Rock, AR, for plaintiff.

Fletcher C. Lewis, Little Rock, AR, for defendant.

## ORDER

ROY, District Judge.

The Court recently ordered the parties to submit briefs on the issues of damages and attorney fees, which has now been done. The Court will first address the matter of backpay.

### I.

This Court's Order of March 4, 1993, contains the Court's finding that the plaintiff will be awarded backpay. Backpay is specifically authorized by 42 U.S.C. § 2000e–5(g). The statute also provides that "[i]nterim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the backpay otherwise allowable."

▪ Defendant complains that the plaintiff is not entitled to backpay at all because he did not ask for it in his original complaint and cites in support *Albemarle Paper Company v. Moody*, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). However, the Court believes defendant is reading *Albemarle* too broadly.

The Court in *Albemarle* clearly held that:

Title VII contains no legal bar to raising backpay claims after the complaint for injunctive relief has been filed, or indeed after a trial on that complaint has been had. Furthermore, Fed.Rule Civ.Proc. 54(c) directs that

every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, *even if the party has not demanded such relief in his pleadings.*

But a party may not be "entitled" to relief if its conduct of the cause has improperly and substantially prejudiced the other party.

*Albemarle,* 422 U.S. at 425, 95 S.Ct. at 2375 (emphasis added). Whether such prejudice has occurred is a decision left to the discretion of the trial court and will be set aside only if "clearly erroneous."

This Court finds the defendant has suffered no prejudice simply because the plaintiff did not originally ask for backpay. The Court notes that plaintiff was proceeding *pro se* at the time he filed his complaint. Furthermore, plaintiff has never taken a position in this case that would be inconsistent with seeking backpay.

The defendant also objects to the amount of backpay to which plaintiff claims he is entitled. Plaintiff seeks backpay only for the years 1989 (the last year he was employed by defendant), 1990, and 1991. He suggests as a benchmark of annual earnings the amount of $9,880.00. He arrives at that figure by multiplying his wage at the time he ceased working for the defendant, $4.75 per hour, by 2,080 hours per year. (Testimony indicated that at that time, the plaintiff was working full 40 hour weeks.)

Plaintiff then would deduct from that benchmark the amount reported on his W–2 for 1989 and the amounts reported as business income for the following two years. (Apparently, plaintiff had no "W–2" income in those years.) Plaintiff's 1989 W–2 income was $3,094.00, his 1990 business income was $3,035.00, and his 1991 business income was $7,681.00. The net totals of each of the three years in question add up to $15,830.00:

| | | |
|---|---|---|
| 1989 "Benchmark" | $9,880.00 | |
| Less income | (3,094.00) | |
| Net | | $6,786.00 |
| 1990 "Benchmark" | $9,880.00 | |
| Less income | (3,035.00) | |
| Net | | 6,845.00 |
| 1991 "Benchmark" | $9,880.00 | |
| Less income | (7,681.00) | |
| Net | | 2,199.00 |
| TOTAL | | $15,830.00 |

Prejudgment interest figured at 6% requested by the plaintiff would increase that amount to $18,171.35.

■ The defendant has objected to that amount because during those years plaintiff received unemployment and workers compensation benefits. However, "workers' compensation, like unemployment benefits, are subject to the collateral source rule." *Knafel v. Pepsi–Cola Bottlers of Akron, Inc.,* 899 F.2d 1473, 1480 (6th Cir.1990). "Under the collateral benefit rule, payment which a plaintiff receives for his or her loss from another source is not credited against the defendant's liability for all damages resulting from its wrongful or negligent act." *Craig v. Y & Y Snacks, Inc.,* 721 F.2d 77 (3rd Cir. 1983). Thus, the Court finds defendant's objections to be without merit.

The plaintiff does not seek backpay for 1992 because he earned more than the $9,880 benchmark figure he calculated. Presumably, that is also the reason he does not seek front pay. Therefore, none will be awarded. Accordingly, the Court will award the plaintiff backpay and interest totaling $18,171.35.

## II. Attorney fees

Also before the Court is the plaintiff's request for attorney's fees in the amount of $15,225.00, plus costs of $375.97. The former figure represents 121.8 hours multiplied by the rate of $125 per hour.

The defendant objects to the requested amount, arguing that 1) because plaintiff did not prevail on all the issues he originally raised, he should be compensated for only some portion of the time he spent on the case, 2) time spent on certain matters was excessive, and 3) the hourly rate is excessive.

The Court does not take defendant's first objection to be that plaintiff was not a "prevailing party" within the meaning of the statute. In any event, the Court finds that the plaintiff has "succeed[ed] on ... a significant issue in litigation which [has] achieve[d] some of the benefit the [plaintiff] sought in bringing suit." *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

■ Rather, defendant argues that since plaintiff failed on all of his non-Title VII claims (they were dismissed by the Court on December 11, 1991), counsel is not entitled to a full attorney fee. The Court does not agree.

As mentioned above, plaintiff originally brought this action proceeding *pro se.* Mr. Carter filed both his complaint and an

amended complaint before counsel was appointed to represent him. The original complaint basically set out allegations describing a Title VII claim. When he amended his complaint a few days later, he added claims for "fraud, conversion, intentional infliction of emotional distress, and mental anguish...."

Once Mr. Bingham took up Mr. Carter's cause, he did not file another amended complaint. Instead, he essentially abandoned the claims Mr. Carter had added in the amended complaint, concentrating instead on the Title VII claim.

It is true, however, that when the defendant moved for the dismissal of all but the Title VII claim, Mr. Bingham resisted the motion by arguing that a claim might exist under 42 U.S.C. §§ 1981 and/or 1983. The Court immediately rejected the § 1983 claim and counsel quickly abandoned the § 1981 claim after the Court asked him to consider the facts surrounding his client's case in light of the Eighth Circuit's decision in *Taggart v. Jefferson County Child Support Enforcement Unit,* 935 F.2d 947 (8th Cir.1991), a case decided during the pendency of this action.

Thus, the Court concludes that defendant's assertion that "95% of the claims of Carter" were dismissed prior to trial is not consistent with the Court's experience with this case. The Court finds that counsel could not have devoted very much time to any claim other than the Title VII claim on which plaintiff prevailed. No deductions for time spent in that fashion will be made.

■ Defendant also argues that the time submitted by counsel is excessive for certain specific tasks he performed. The Court has examined the time sheets and does not agree.

Defendant also says that the submitted rate of $125 per hour is excessive. Considering the hourly rates this Court has approved for other trial attorneys in the Central Arkansas area who have comparable experience and skill, together with the results obtained on behalf of the plaintiff, the Court believes that $125 per hour is a reasonable rate in this instance.

Accordingly, it will be the Order and Judgment of this Court that the plaintiff should be awarded backpay in the amount of $15,-830.00, together with prejudgment interest in the amount of $2,341.35, totalling $18,171.35. The Court also awards costs totalling $375.97 and an attorney's fee in the amount of $15,-225.00, all totalling $33,772.32, with post judgment interest accruing on said sum at the rate of 3.21% per annum.

IT IS SO ORDERED.