**Daniel RIFFEY, Plaintiff,**

v.

**K–VA–T FOOD STORES, INC., Defendant.**

**No. 1:02CV00209.**

United States District Court, W.D. Virginia, Abingdon Division.

Sept. 24, 2003.

Mark T. Hurt, Abingdon, VA, for Plaintiff.

Gary W. Wright and Howard B. Jackson, Wimberly, Lawson, Seale, Wright & Daves, PLLC, Knoxville, TN, for Defendant.

### OPINION

JONES, District Judge.

The question in this employment discrimination case under the Americans with Disabilities Act[1] is whether the collateral

---

1. 42 U.S.C.A. § 12101–12213 (West 1995) ("ADA").

source rule should bar evidence that the plaintiff received workers' compensation payments following the injury that he blames on the employer's failure to reasonably accommodate his disability. I find that because the defendant paid the workers' compensation benefits, those payments were not from a collateral source, and that evidence of those payments is therefore admissible.

The plaintiff, Daniel Riffey, was born with only one arm. He claims that his former employer, K–VA–T Food Stores, Inc. ("K–VA–T"), violated the ADA when it allegedly failed to accommodate this disability by providing him assistance while performing his duties as a cashier. As a result of K–VA–T's alleged failure to accommodate, he claims that his remaining arm was injured, and that he suffered medical expenses and lost wages due to that injury. The defendant employer wishes to introduce evidence that Riffey received workers' compensation benefits— medical expenses and payments in lieu of wages—for that injury, and Riffey has moved in limine that such evidence be excluded. In addition, K–VA–T has moved to exclude evidence of the cost of Riffey's medical treatment on the ground that such cost was fully paid as a workers' compensation benefit. This opinion sets forth my reasons for my prior oral orders denying the motion by Riffey and granting the motion by K–VA–T.

■ The resolution of the present motions requires an application of the so-called collateral source rule. While this rule has evidentiary consequences, it is a substantive rule of law that provides that payments made by a tortfeasor to the injured party are credited against its liability, but payments from sources other than the tortfeasor are not credited against its liability, even though they cover the harm for which the tortfeasor is liable. *See* Restatement (Second) Torts § 920A (1979)

(stating rule). The collateral source rule is properly available in federal employment discrimination cases. *See, e.g., Salitros v. Chrysler Corp.*, 306 F.3d 562, 573–74 (8th Cir.2002) (applying rule in ADA case); *Flowers v. Komatsu Mining Sys., Inc.*, 165 F.3d 554, 558 (7th Cir.1999) (making the rule available to district courts in employment discrimination cases); *Hamlin v. Charter Township of Flint*, 165 F.3d 426, 433–35 (6th Cir.1999) (applying rule in ADA case); *EEOC v. Ford Motor Co.*, 645 F.2d 183, 196 (4th Cir.1981) (holding that unemployment benefits should not be deducted from awards of back pay under Title VII), *rev'd on other grounds*, 458 U.S. 219, 102 S.Ct. 3057, 73 L.Ed.2d 721 (1982).

■ The pertinent issue in this case is whether the workers' compensation benefits received by Riffey were from a collateral source. Courts have reached differing views as to whether workers' compensation benefits can be categorized as a collateral source. *Compare Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir.2002) (defining workers' compensation benefits as a collateral source in an ADA suit), *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1171 (6th Cir. 1996) (stating that workers' compensation benefits are a collateral source that should not be deducted from back pay awards), *Carter v. Bruce Oakley, Inc.*, 849 F.Supp. 677, 678 (E.D.Ark.1993) (subjecting workers' compensation and unemployment benefits to the collateral source rule), *with McLean v. Runyon*, 222 F.3d 1150, 1156 (9th Cir.2000) (finding that workers' compensation benefits are not from a collateral source). *See also Coles v. Perry*, 217 F.R.D. 1 (D.D.C.2003) (deferring decision on whether to admit evidence of workers' compensation payments until the end of trial); *EEOC v. Yellow Freight Sys.,*

*Inc.*, No. 98CIV.2270, 2001 WL 1568322, *1–2 (S.D.N.Y. Dec. 6, 2001) (noting that district courts have discretion in determining whether to deduct workers' compensation payments from a back pay award in federal employment cases); *Oswald v. Laroche Chems., Inc.*, 894 F.Supp. 988, 997 (E.D.La.1995) (noting that the Fifth Circuit leaves the reduction of awards within the discretion of district courts).

The Fourth Circuit addressed this issue in *NLRB v. Moss Planing Mill Co.*, 224 F.2d 702, 703–04 (4th Cir.1955). In *Moss Planing Mill*, the defendant employer had discriminated against two former employees in violation of the National Labor Relations Act. *Id.* at 703. The National Labor Relations Board awarded the employees back pay, including pay for the time period in which one of the employees had been incapacitated due to injuries the employer had inflicted at the time of his discharge. *Id.* Because that employee had already received workers' compensation benefits for those injuries, the employer sought to deduct those payments from the Board's back pay award on the ground that the employee would be made more than whole if he received both the workers' compensation and the back pay. *Id.* The Board found that the workers' compensation could not be deducted from the award of back pay because it was a collateral benefit. *Id.*

The Fourth Circuit disagreed with the Board's decision. *Id.* at 704–05. The court found workers' compensation benefits to be "clearly distinguishable" from unemployment compensation on the basis that the state pays unemployment compensation from taxes whereas workers' compensation benefits "come from the employer himself through the medium of his agent, the insurance carrier." *Id.* Because the employer in *Moss Planing Mill* had paid for the workers' compensation at issue, the Fourth Circuit held that those payments were not collateral and must be deducted from the back pay award. *Id.*

I find that the Fourth Circuit's decision in *Moss Planing Mill* resolves the issue as it arises under the ADA. K–VA–T had insurance coverage for its workers' compensation liability, but the insurer was acting as K–VA–T's agent in paying Riffey's benefits. Moreover, K–VA–T has shown through the affidavit of its financial officer that the funds for payment of Riffey's workers' compensation benefits came even more directly from K–VA–T. While by state law the insurance company must pay the claimant directly,[2] K–VA–T's policy has a $100,000 per claim deductible, much more than the benefits received by Riffey.

Because Riffey received workers' compensation benefits from the defendant, they were not from a collateral source, and evidence of those payments is admissible at trial. It should be noted that admitting evidence of the employer's workers' compensation payments to Riffey will not frustrate the remedial policies of the ADA because the employer still may be liable for other compensatory damages, such as pain and suffering, not covered under workers' compensation.

**2.** *See* Va.Code Ann. § 65.2–813.1 (Michie 2002) (providing that where workers' compensation liability insurance policy has deductible, insurer must pay amount of deductible to claimant and then obtain reimbursement from insured).